Sutliff, J.
The errors alleged are all apparent in the original transcript filed in the district court. They do not, however, appear in the transcript obtained after the amendment in the common pleas, and subsequently filed. If, then, the amendment of the record of the common pleas was legal, and such subsequently-filed transcript is to be regarded a legal exemplification of the record in the case, the errors relied upon for the reversal of the judgment of the common pleas would not be shown by such copy of the amended record.
At common law, while the proceedings were ore tenus at the bar of the court, whenever it was perceived that an error had occurred, it was at once amended. And therefore, afterward, when the pleadings had to be reduced to writing, it was still considered a reason *427 able rule that tbe parties should amend errors, when they were discovered, during the pendency of the case in court. Hence, it became, from long practice, well settled at common law, that whilst the proceedings are in paper, and before they are regarded as entered of record, an amendment of the declaration or plea, etc., either in form or substance, might be made upon such terms as the court deemed proper. But such amendments had to be made during the term. And the reason has been thus expressed: “ Because it is a roll of that term, and so in the breast of the court during the whole-term, and then a new roll might be brought in the cause, and consequently the same roll may be amended.” *But, inasmuch as amendments at common law were confined to the time of the proceedings being in fieri, when they had ceased to be in paper, and were entered of record, the courts could amend no further than allowable by the statute law — the statute of amendments. And those statutes allowing amendments of the record, were, in England, extremely cautious and guarded.
The first statute upon the subject (14 Edw. III., stat. 1, chap. 6)-provided that “ no process shall be annulled or discontinued by misprision of the clerk in writing one syllable or letter too much or too little, but as soon as the mistake is perceived, by challenge of the party, or in other manner, it shall be amended in due form,, without giving advantage to the party that challengeth the same because of misprision.” And by 8 Henry YI., chap. 15, courts-were allowed to amend the misprisions of their clerks, sheriffs, or-other officers, in any record, process, or return before them, by error or otherwise, in writing a letter or syllable too much or too little. This statute remained as the statute defining the right of amendment of the record, notwithstanding the various statutes extending-the right of amendment before the proceedings had passed into record. The statute of 9 George IY., chap. 15, provides “ that it shall and may be lawful for every court of record holding plea in civil actions any judge sitting at nisi prius, and any court of oyer and terminer and general goal delivery in England, Wales, the town of Burwickupon-Tweed, and Ireland, if such court or judge shall see fit so to do, to cause the record on which any trial may be pending before-any such judge or court, in any civil action, or in any indictment, or information for any misdemeanor, where any variance shall appear between any matters in writing or in print, produced in evidence, and the recital or setting forth thereof, upon the record *428 •whereon the trial is pending, to be forthwith amended in such particular by some officer of the court, On payment of such costs, if :any, to the other party, as such judge or court shall think reasonable; *and thereupon the trial shall proceed as if no such variance had appeared; and in case such trial shall be had at nisi prius, the order for amendment shall be indorsed upon the postea .and returned, together with the record; and thereupon the. papers, rolls, and other records of the court from which such record issued, iShall be amended accordingly.” But no such liberal -provision was, by any English statute, extended to the proceedings after the same ■were recorded.
Our statutes of amendments previous to the adoption of the provisions contained in the code of civil procedure, were somewhat analogous to the English statutes. The act of March 12, 1845, of this state, was equally liberal with the statute 9 George IY., in allowing amendments in civil proceedings, and, like that statute, contained no provision for amending a record. It provided “that the -court in which any action shall be pending, shall have power to allow parties to amend any process, pleading, or proceeding in rsuch action, either in form or substance, for the furtherance of justice, and upon such terms as may be just, at any time before or •during the trial of such action, and before judgment rendered therein,” etc. Ourwen, 1170. The authority given by this statute •of 1845, seems to leave the subject of amendments in a proceeding previous to judgment, whether in form or substance, almost entirely to the discretion of the court. But even this liberal statute, like that of George IY., afforded no authority for such an amendment as made in the record before us. It is in vain, therefore, to look for precedents either to the English cases or to adjudications under our own former statutes of amendments.
The amendment of the record in this case evidently depends upon the statute alone for its support. It can only be sustained, if .at all, by force of statute law. Upon this subject it is provided by the code of civil procedure of this state, as follows:
*“Sec. 137. The court may, before or after judgment, in furtherance of justice, and on such terms as may be px-oper, amend .any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not *429 change substantially the claim or defense by conforming the pleading or proceeding to the facts proved. .And whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.” Curwen, 1958.
This statutory provision is evidently a great innovation upon our-former statutes of amendments, as well as upon the common-law rule. It seems to allow nearly the same liberty of amendment, after, which former statutes allowed before judgment.
Has the court of common pleas, then, in allowing the amendment under consideration, transcended the authority given by the foregoing provision of the code?
The amendment can not be objected to by reason of its having' been made after the petition in error was filed in the case. An amendment which is allowable may be made in any stage of the proceedings. If amendable before error is brought, the record is equally amendable afterward, during the pendency of such proceedings in error, and while diminution of record may be alleged, and a certiorari awarded. It is therefore no objection to the amendment that it was made by the court of common pleas while proceedings in error in the case were ponding in the district court.
Under the English statutes of amendments, it was said to be a. general rule that there must be something to amend by. But while we do not regard this rule as applicable to amendments in all cases-necessary, previous to judgment, we regard it as a rule peeuliarly applicable to amendments of a record. Looking, however, to the amendments under consideration, that rule does not appear to have been disregarded. The original petition, after stating what-was the legal effect of the contract upon which judgment was asked, set forth a copy of the contract, the bill of exchange on which the action was predicated. The record showed that a judgment was rendered upon proof of a bill of exchange corresponding to the copy thereof so attached to the petition. That copy shows that the-bill was in fact drawn on Butler & Winter instead of Miles & Bartlett,. as stated in the petition.
The provision of the code, under consideration, evidently contemplates only such amendments after judgment as are clearly in ■ furtherance of justice and consistent with the rights of all parties interested in such amendment. And although the exercise of the ■ discretion, so clearly given to the courts, to allow amendments for *430 ■the furtherance of justice must be presumed to have been properly-exercised, a supervising court will always regard such discretion as a legal discretion, and carefully look to the circumstances and extent of its exercise. For, unless such discretion be cautiously and prudently exercised in the amendment of records, such amendments will rarely be found to result in the “furtherance of justice.”
But we do not perceive anything in the allowance of the amendment of the record in this case,‘inconsistent with our view of a proper exercise of such legal discretion by the court of common pleas.
The amendment was not- by the introduction of a new defendant, or the introduction of allegation of fact, constituting a new and distinct cause of action, nor without notice, and in the absence of the other parties. But the amendments in this case have been in accordance with the truth as shown by other parts of the record, and for the purpose and tendency of sustaining the judgment. And the defendants in error, having remitted from the judgment of the *court of common pleas the sum of $10.20 for exchange included therein, and by said amendments obviated the other errors, .apparent in the former record, since the filing of the. petition in error, we find no errors in the record as now appearing. The judgment of the common pleas, with the said $10.20 so remitted, must, therefore, be affirmed, and the petition in error stand dismissed at the cost of defendants in error.
Brinkerhoef, C. J., and Scott, Peck, and Gholson, JJ., concurred.